NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 5 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PEDRO CIRIA; YOJANA PAIZ,

       Plaintiffs - Appellees,

  v.

ARTHUR GERRANS; JAMES
CROWLEY; NICHOLAS J. RUBINO,

       Defendants - Appellants,

and

CITY AND COUNTY OF SAN
FRANCISCO,

       Defendant.

No. 24-1847

D.C. No.
4:23-cv-02796-KAW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted April 8, 2025
San Francisco, California

Before: SCHROEDER, PAEZ, and MILLER, Circuit Judges.
Concurrence by Judge MILLER.

This appeal concerns Plaintiff Pedro Ciria's Fourteenth Amendment due

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

process claim for loss of familial association under 42 U.S.C. § 1983. Defendants Arthur Gerrans, James Crowley, and Nicholas J. Rubino (collectively, Defendants) were San Francisco police inspectors and officers when they conducted a 1990 to 1991 murder investigation that allegedly resulted in the thirty-two-year wrongful incarceration of Pedro Ciria's father, Joaquin Ciria. Defendants appeal the district court's denial of qualified immunity at the motion to dismiss stage. We have jurisdiction under the collateral order doctrine. *Polanco v. Diaz*, 76 F.4th 918, 925 (9th Cir. 2023); 28 U.S.C. § 1291. Reviewing de novo, *id.*, we reverse.

1. Defendants do not challenge the district court's determination that the conduct Pedro Ciria alleges amounts to a violation of his due process right to familial association free from unwarranted state interference. In any case, in *Joaquin Ciria v. Gerrans, et al.*, No. 24-3308, we conclude that a reasonable jury could find that Defendants Crowley and Gerrans "were deliberately indifferent or exhibited reckless disregard towards [Joaquin] Ciria's right not to be charged based on fabricated evidence," *id.* at 38, and that Joaquin Ciria has a viable malicious prosecution claim based on the Defendants' lack of probable cause, *id.* at 49. For the same reasons, a reasonable jury could find that Defendants violated Pedro Ciria's right to be free from "unwarranted state interference" with his relationship with his father, whose wrongful detention began when Pedro was just two months old. *See Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (quoting

*Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), *overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037 (9th Cir. 1999) (en banc)).

2. "[F]or a right to be clearly established, case law must ordinarily have been earlier developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that what he is doing violates federal law." *Scott v. Smith*, 109 F.4th 1215, 1229 (9th Cir. 2024) (quoting *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir. 2017)). Pedro Ciria has not pointed to a case that, at the time of Joaquin Ciria's arrest and prosecution in 1990 and 1991, would have put Defendants on notice that the wrongful detention of a father in violation of the father's right to due process would also violate the familial associational right of the detained man's son. True, years before Joaquin Ciria's wrongful detention, we established that parents and children possess a Fourteenth Amendment "interest in familial companionship and society" free from "unwarranted state interference." *Smith*, 818 F.2d at 1418. We agree with Defendants, however, that the precise violation Pedro Ciria alleges, involving wrongful incarceration, was not clearly established before *Lee*, 250 F.3d at 685–86.

**REVERSED.**

*Pedro Ciria v. Gerrans*, No. 24-1847

MILLER, Circuit Judge, concurring in the judgment:

As I explained in my dissent in *Joaquin Ciria v. Gerrans*, No. 24-3308, I would hold that the officers are entitled to qualified immunity from Joaquin Ciria's claim of a due-process violation based on the alleged fabrication of evidence. This case involves a claim for loss of familial association predicated on that alleged due-process violation. For the reasons given in Part 2 of the court's disposition, I agree that the relevant familial-association right was not clearly established and that the officers are therefore entitled to qualified immunity.

1